UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ABDULAI SEIDU, Petitioner | CIVIL ACTION NO. 1:16-CV-01488 |
| VERSUS | CHIEF JUDGE DRELL |
| DAVID C. COLE, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of *habeas corpus* (28 U.S.C. § 2241) filed by *pro se* petitioner Abdulai Seidu ("Seidu"). Seidu is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("ICE"). Seidu is being detained at the LaSalle Detention Center in Jena, Louisiana. Seidu alleges that his detention is unconstitutional under Zadvydas v. Davis, 533 U.S. 678, 701 (2001). (Doc. 1).

Respondent filed a Motion to Dismiss (Doc. 7). Seidu did not respond.

I. Background

Seidu is a native and citizen of Ghana. Seidu last entered the United States as an arriving alien on or about September 16, 2015, and on December 2, 2015, a Final Order of Removal was issued. (Doc. 1, pp. 13, 14/16).

Seidu attached two Decisions to Continue Detention to his petition, dated June 17, 2016 and September 6, 2016. (Doc. 1, pp. 13-14/16). Both stated that ICE was working with the government of Ghana to secure a travel document for Seidu's removal from the United States, and that a travel document from Ghana was

expected. (Id.). On January 4, 2017, a travel document was issued by Ghana. (Doc. 7, Exs. A, B).

## II. Law and Analysis

Although ICE has 90 days to remove an alien after he is ordered removed, the Supreme Court has held that 8 U.S.C. § 1231 permits the detention of criminal aliens beyond 90 days for a period reasonably necessary to bring about that alien's removal from the United States. See Zadvydas v. Davis, 533 U.S. 678 (2001). The statute does not permit indefinite detention. Rather, the "reasonably necessary" detention period should generally be limited to six months after the removal order becomes final. Id. at 697-702.

However, the expiration of the six-month detention period does not, by itself, warrant release. After six months, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must furnish sufficient rebuttal evidence. Id. at 701. In order to meet his burden, Seidu "must present something beyond speculation and conjecture" and "demonstrate that the circumstances of his status or the existence of particular individual barriers to his repatriation to his country of origin are such that there is no significant likelihood of removal in the reasonably foreseeable future." Idowu v. Ridge, No. 3:03-CV-1293, 2003 WL 21805198, at *4 (N.D. Tex. Aug. 4, 2003) (citation and internal quotation marks omitted). The alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. Zadvydas, 533 U.S. at 701.

In this case, Seidu has been detained longer than the presumptively-valid six-month period detailed in Zadvydas. However, Seidu has not presented any evidence showing that ICE is unable to execute his removal. Instead, Seidu simply asserts that he has been detained more than six months, and there is no reasonable likelihood of his removal in the reasonably foreseeable future. He further asserts there are no special circumstances to justify his continued detention, that he is not a danger to the community, and that he does not pose a risk of flight. He has not provided any evidence that would demonstrate that there is no significant likelihood of his removal to Ghana in the reasonably foreseeable future. Instead, as the government has shown, a travel document has been issued for Seidu. (Doc. 7, Exs. A, B). Accordingly, Seidu's claim lacks merit and his petition should be denied.

III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that the Respondent's Motion to Dismiss (Doc. 7) be GRANTED, and that Seidu's petition be DENIED AND DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of

the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this ___1st___ day of May, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge